**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| OWNER'S MANAGEMENT CO., | CASE NO. 1:17CV881 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| ARTHUR J. GALLAGHER & CO., et al., | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #11) of Defendant, Arthur J. Gallagher & Co. ("Gallagher"), to Dismiss all the claims against Gallagher in Plaintiff's Complaint. For the following reasons, the Motion is granted in part and denied in part.

**I. FACTUAL BACKGROUND**

Plaintiff Owner's Management Company ("OMC") filed the instant Complaint on April 25, 2017, against HealthSmart Benefit Solutions, Inc. ("HBS") and Gallagher for breach of contract, breach of fiduciary duties, negligent misrepresentation and for an accounting.

Plaintiff is an independent senior living and multi-family residences property

management company.  Gallagher is an insurance brokerage and risk management company. HBS is a healthcare management company.

Plaintiff had a long-standing relationship with Gallagher and relied upon Gallagher's expertise and advice for its employee healthcare benefit needs.  (Complaint, ECF DKT #1 at ¶¶ 14-15).  Plaintiff placed "special trust and confidence" in Gallagher to select and procure an employee healthcare plan that was in Plaintiff's best interests.  (Complaint, ECF DKT #1 at ¶¶ 16-17).  Gallagher recommended a self-funded employee healthcare benefit plan from November 1, 2014 through October 31, 2015 that allegedly minimized Plaintiff's cost and potential exposure. ("the Plan").  (Complaint, ECF DKT #1 at ¶¶ 20-22).  Gallagher also recommended that Plaintiff utilize HBS as Claims Administrator.  Plaintiff selected the Plan based upon Gallagher's advice.

On November 1, 2014, Plaintiff, as Plan Sponsor, Administrator and Fiduciary, entered into the HealthSmart Benefit Solutions, Inc. Administrative Services Agreement with HBS.  (ECF DKT #1-2).  Gallagher was not a party to that Agreement.  According to the Complaint, however, Gallagher and HBS modified how the assets of the Plan would be managed and how the costs, including the amount of approved benefit claims, were to be paid, all without Plaintiff's knowledge or consent.  Allegedly, Gallagher did not correctly and adequately advise Plaintiff that the Plan posed a much higher risk than other options; that the cost of the Plan would be much higher than Gallagher represented; that Plaintiff would be required to satisfy various reporting requirements and obligations for self-funded plans under the Affordable Care Act and ERISA; and that Plaintiff would need to create proper reserves to guard against cash flow fluctuations.  (Complaint, ECF DKT #1 at ¶¶ 26, 28, 30, 31).

Ultimately, as the result of the alleged failures, mismanagement and misconduct of Gallagher and HBS, the Plan was underfunded and Plaintiff "caused the Plan to be terminated." (Complaint, ECF DKT #1 at ¶ 52).

On July 26, 2017, Gallagher moved for dismissal of Count I (Breach of Contract); Count III (Breach of Common Law Fiduciary Duties); Count V (Breach of ERISA Fiduciary Duties); Count VII (Negligent Misrepresentations or Concealments); and Count IX (Action on Accounting). Gallagher argues that the Complaint is mostly conclusory, containing few facts. Further, Gallagher insists that Plaintiff's Claims are either preempted by ERISA or simply not viable as a matter of law.

## II. LAW AND ANALYSIS

### Civil Rule 12(b)(6) Standard

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a

> Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

"Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations ... a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ..." *Twombly*, 550 U.S. at 556.

**ERISA preemption**

"ERISA can preempt state-law claims in two ways: complete preemption under 29 U.S.C. § 1132(a) and express preemption under 29 U.S.C. § 1144." *Loffredo v. Daimler AG*, 500 F.App'x. 491, 500 (6th Cir. 2012) (Moore, J., concurring). "[A] completely preempted state-law claim arises under federal law and thus vests the district court with federal-question jurisdiction." *Id*. (internal quotation marks omitted). A claim is completely preempted if the Plaintiff "could have brought his claim under ERISA and there is no other independent legal duty implicated by a defendant's actions." *Id*. (internal quotation marks omitted).

Viewing Plaintiff's allegations in the most favorable light, the Court finds that ERISA

preemption does not apply. The state law claims against Gallagher, as insurance broker, are not attempts to enforce responsibilities governed by federal ERISA law. *Kloots v. American Express Tax and Business Services, Inc.*, 233 F.App'x 485, 488 (6th Cir. 2007). The relationship between Plaintiff and Gallagher is distinguishable from, and independent of, the relationship created by an ERISA-qualified plan. *Kloots*, 233 F.App'x at 489.

**Breach of Contract (Count I)**

According to the Complaint, following a long-standing course of dealings, Plaintiff and Gallagher entered into a contractual relationship whereby Gallagher agreed to select and procure a health care benefits plan appropriate to Plaintiff's needs. In return, Gallagher received remuneration in the form of a commission. (Complaint, ECF DKT #1 at ¶ 59). Gallagher allegedly breached the contract by providing incorrect and inadequate advice about the Plan which led to underfunding and ultimately to the Plan's termination.

At this juncture, the Court finds that the allegations of Count I are sufficient to state a plausible claim for breach of an oral contract.

**Breach of Common Law Fiduciary Duties (Count III)**

Plaintiff alleges that it placed special trust and confidence in Gallagher's expertise. Plaintiff alleges it relied upon Gallagher's advice and counsel in selecting the Plan to provide healthcare benefits to its employees at low cost and with low risk. Plaintiff suffered injury in the nature of unanticipated costs and obligations. The issue confronting the Court is whether these allegations in Count III can plausibly establish a fiduciary relationship under Ohio law.

The Court finds they do not. Generally, "the relationship between an insurance agent and an insured, without more, is not a fiduciary relationship, but an ordinary business

relationship." *Long v. Time Ins. Co.*, 572 F.Supp.2d 907, 914 (S.D.Ohio 2008). To demonstrate a fiduciary relationship, a plaintiff must show the existence of "a relationship of special trust over and above the typical insurer-insured relationship." *O'Donnell v. Financial American Life Ins. Co.*, No. 2:14-cv-1071, 2015 WL 1879905, *8 (S.D.Ohio Apr. 23, 2015) (citing *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507 (6th Cir. 1999).

Plaintiff has not met its obligation to plead facts, beyond bare allegations, that could establish a special relationship of trust between Plaintiff and Gallagher, i.e., a relationship having qualities other than a typical arm's-length transaction. The allegations in the Complaint, particularly in Count III, do not allow the Court to draw the reasonable inference that Gallagher is liable for breach of common law fiduciary duties. Like the *Greenberg* court found, to hold otherwise would impose fiduciary obligations on sellers/brokers in the majority of ordinary transactions simply because the sellers/brokers possessed superior knowledge of the product offered for sale. *Id*. at 521-22.

**Negligent Misrepresentation or Concealment (Count VII)**

Plaintiff alleges that Gallagher had a duty to use reasonable care in providing advice and counsel and making representations to Plaintiff about the options for an employee healthcare benefits plan. (Complaint, ECF DKT #1 at ¶ 100). Moreover, Plaintiff was an entity which Gallagher could have and should have expected to rely on Gallagher's advice, counsel and representations. *Id*. In Count VII, Plaintiff lists items of information which were misrepresented or concealed, causing Plaintiff and/or the Plan to incur reporting requirements, legal obligations, damages, costs and expenses that should not have been incurred.

Gallagher contends that Plaintiff's claim is insufficient and can be summarized as

"buyer's remorse." Gallagher insists that none of the information provided was false and that omissions or silence will not satisfy an Ohio negligent misrepresentation claim. In addition, Gallagher notes that a negligent misrepresentation claim brought along with a breach of contract claim must show distinct injury and damages arising from conduct other than the contractual breach. *C. Norris Mfg., LLC v. BRT Heavy Equipment, LLC*, No. 5:14CV2797, 2016 WL 4079752, *5 (N.D.Ohio Aug. 1, 2016).

> Ohio law holds that a claim for negligent misrepresentation arises when:
>
> [O]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 505 (6th Cir. 2003) (quoting *Delman v. Cleveland Hts.*, 41 Ohio St.3d 1, 4 (1989).

Normally, "the existence of a recovery for the breach of contract 'excludes the opportunity to present the same case as a tort claim.'" *Textron Financial Corp. v. Nationwide Mutual Insurance Co.*, 115 Ohio App.3d 137, 151 (9th Dist. 1996). By the same token, Ohio law does tolerate an exception to this general rule "when the alleged negligent misrepresentation was intended to induce a party into entering into a contract." *C. Norris*, 2016 WL 4079752 at *5; see also *Gutter v. Dow Jones, Inc.*, 22 Ohio St.3d 286 (1986).

The Court finds that Plaintiff's allegations in Count VII, accepted as true, state a plausible claim against Gallagher for negligent misrepresentation intended to induce Plaintiff to enter into a contract.

**Breach of ERISA Fiduciary Duties (Count V)**

In Count V of the Complaint, Plaintiff alleges that, by reason of Gallagher's conduct

regarding establishing the Plan and the subsequent modification of the Plan, Gallagher became a "de facto fiduciary" and assumed and owed fiduciary duties with respect to the Plan. (Complaint, ECF DKT #1 at ¶ 86). Furthermore, Gallagher allegedly breached its fiduciary duties and caused the Plan and/or Plaintiff to incur reporting requirements, legal obligations, damages, costs and expenses that should not have been incurred. *Id.* at ¶ 90.

The Court agrees with Gallagher that Count V does not sufficiently allege injury to Plaintiff or to the Plan for which Gallagher is plausibly liable under ERISA. There is no allegation of specific injury to the Plan, such as outstanding balances, outstanding claims or outstanding debts. As a matter of fact, Plaintiff clearly alleges that the Plan was terminated on some undefined date prior to the filing of the lawsuit. (Complaint, ECF DKT #1 at ¶ 52). Do the alleged facts support Plaintiff's right to recover damages for a Plan which no longer exists? Although Plaintiff asserts in its Brief (ECF DKT #17 at 20) that it may legally recover on the Plan's behalf the funds necessary to make the Plan whole, is that possible if the Plan is terminated? The Court must question if Plaintiff's Complaint establishes Plaintiff's continued standing as Plan Sponsor, Administrator and Fiduciary after the Plan has ended and been substituted with a fully-insured benefit plan.

The Court holds that Count V lacks facial plausibility. Plaintiff has failed to plead factual content that allows the Court to draw the reasonable inference that Gallagher is liable to the terminated Plan or to Plaintiff for breach of ERISA fiduciary duties.

**Action on Accounting (Count IX)**

Gallagher moves for dismissal of this Claim as it is derivative of Plaintiff's failed

Claims.  Based upon this Court's ruling, the Action for an Accounting can be maintained for now, but only as a dependent claim to those causes of action which survive dismissal.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #11) of Defendant, Arthur J. Gallagher & Co. ("Gallagher"), to Dismiss all the claims against Gallagher in Plaintiff's Complaint is granted in part and denied in part.  Counts III and V are dismissed and Counts I, VII and IX remain for further adjudication.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  December 1, 2017**