# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| OWNER'S MANAGEMENT COMPANY, | ) ) ) | CASE NO.1:17CV881 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) ) | |
| ARTHUR J. GALLAGHER & CO., | ) ) | **OPINION AND ORDER** |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Owner's Management Company's ("Plaintiff") Motion for Reconsideration of Order and Opinion Dismissing Counts III and V of Complaint Against Defendant Arthur J. Gallagher & Co., or, in the alternative, Motion for Leave to Amend Complaint (ECF DKT # 27). For the following reasons, the Court denies Plaintiff's Motion for Reconsideration and grants Plaintiff's Motion for Leave to Amend Complaint.

**Background Facts**

Plaintiff filed the instant Complaint on April 25, 2017, against HealthSmart Benefit

Solutions, Inc. ("HBS") and Arthur J. Gallagher & Co. ("Gallagher") for Breach of Contract, Breach of Fiduciary Duties, Negligent Misrepresentation and for Accounting. Plaintiff is an independent senior living and multi-family residences property management company. Gallagher is an insurance brokerage and risk management company.

Plaintiff had a long-standing relationship with Gallagher and relied upon Gallagher's expertise and advice for its employee healthcare benefit needs. Compl. ¶¶ 14-15. Plaintiff placed "special trust and confidence" in Gallagher to select and procure an employee healthcare plan that was in Plaintiff's best interests. Compl. ¶¶ 16-17. Gallagher recommended a self-funded employee healthcare benefit plan (the "Plan") from November 1, 2014 through October 31, 2015 that allegedly minimized Plaintiff's cost and potential exposure. Compl. ¶¶ 20-22. Gallagher also recommended that Plaintiff utilize HBS as Claims Administrator. Plaintiff selected the Plan based upon Gallagher's advice.

On November 1, 2014, Plaintiff, as Plan Sponsor, Administrator and Fiduciary, entered into the HealthSmart Benefit Solutions, Inc. Administrative Services Agreement with HBS. Compl. Ex. 2. Gallagher was not a party to that Agreement. According to the Complaint, however, Gallagher and HBS modified how the assets of the Plan would be managed and how the costs, including the amount of approved benefit claims, were to be paid, all without Plaintiff's knowledge or consent. Allegedly, Gallagher did not correctly or adequately advise Plaintiff that the Plan posed a much higher risk than the other options; that the cost of the Plan would be much higher than Gallagher represented; that Plaintiff would be required to satisfy various reporting requirements and obligations for self-funded plans under the Affordable Care Act and ERISA and that Plaintiff would need to create proper reserves to

2

guard against cash flow fluctuations. Compl. ¶¶ 26, 28, 30-31. Ultimately, as a result of the alleged failures, mismanagement and misconduct of Gallagher and HBS, the Plan was underfunded and Plaintiff "caused the Plan to be terminated."[1] Compl. ¶ 52.

On July 26, 2017, Gallagher moved for dismissal of Count I (Breach of Contract); Count III (Breach of Common Law Fiduciary Duties); Count V (Breach of ERISA Fiduciary Duties); Count VII (Negligent Misrepresentations or Concealments) and Count IX (Action on Accounting). On December 1, 2017, this Court dismissed Counts III and V against Gallagher.

On January 10, 2018, Plaintiff moved for reconsideration of the Court's Opinion and Order dismissing Counts III and V against Gallagher or, in the alternative, for leave to amend its Complaint. Plaintiff contends that the Court "only focused on the relationship up to the time the Plan was established" and did not give "due consideration... to its allegations that fiduciary duties on the part of [Gallagher] were created and continued **after** the Plan was put in place." (Emphasis original). ECF DKT # 27, at 3. Furthermore, Plaintiff urges the Court to consider *Pfahler v. National Latex Products Company*, 517 F.3d 816 (6th Cir. 2007), which they contend allows them to recover on behalf of a terminated plan. *Id.* at 7.

## LAW AND ANALYSIS

**Motion to Reconsider**

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F.App'x 949, 952 (6th Cir. 2004). *See also Moses H. Cone*

---

[1] The original Complaint refers to the "termination" of the Plan. Plaintiff seeks leave to amend the Complaint to instead state that the plan was "converted" to a fully insured plan rather than terminated.

*Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez*, 89 F.App'x at 959. However, reconsideration is disfavored:

> Although motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal, they are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged. To be sure, a court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, especially where such motions merely restyle or re-hash the initial issues.

*McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F.Supp. 1182, 1184 (N.D.Ohio 1996) (internal citations and quotations omitted).

Motions for reconsideration "serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or preventing manifest injustice." *Boler Co. v. Watson & Chalin Mfg. Inc.*, 372 F.Supp.2d 1013, 1024-25 (N.D.Ohio 2004), quoting *General Truck Drivers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999) (Clay, J. Dissenting), *cert. denied*, 528 U.S. 1137 (2000).

Plaintiff seeks reconsideration "on the basis of error of fact and law." Plaintiff contends that the Court's Opinion and Order dismissing Counts III and V contained "an error as to whether [Plaintiff] has pled a plausible claim for breach of common law fiduciary duty and had standing to pursue its ERISA-based claims." However, the Court finds that these

arguments are merely attempts to re-hash arguments that were, or should have been, raised in Plaintiff's Brief in Opposition to Gallagher's original Motion to Dismiss.

First, Plaintiff contends that the Court did not give due consideration to its argument that a common law fiduciary duty continued after the implementation of the Plan. However, the Court did consider these allegations but found that ultimately, Plaintiff did not meet its obligation to plead facts "beyond bare allegations" that could establish a special relationship of trust between Plaintiff and Gallagher. Plaintiff's disagreement with the Court's decision does not provide a basis for reconsideration absent any evidence or argument which could not previously have been submitted or any manifest error of fact or law.

Next, Plaintiff contends that the Court failed to consider *Pfahler v. National Latex Products Company* in holding that Plaintiff's Breach of ERISA Fiduciary Duty claim lacks facial plausibility. *See* 517 F.3d at 816. However, Plaintiff has failed to explain why this argument was not raised in its Brief in Opposition. There has been no intervening change in law nor was this evidence previously unavailable. It is not the Court's duty to analyze arguments that Plaintiff should have but failed to raise prior to the Court's ruling on Gallagher's Motion to Dismiss. Therefore, the Court denies Plaintiff's Motion for Reconsideration.

**Motion to Amend**

Fed. R. Civ. P. 15(a)(2) reads in part, "[t]he court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice

to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir. 2002). In addition, when discovery is in the early stages, any prejudice from entertaining an amended pleading is minimal. Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit also noted that "another round of motion practice... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 F.App'x 187, 190 (6th Cir. 2005) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001)).

Plaintiff principally seeks leave to amend the Complaint in order to clarify that the Plan was not "terminated" but rather "convert[ed]... to a fully insured plan." Plaintiff has also drawn attention to the Sixth Circuit's holding in *Pfahler* that "there is no good reason why a Plaintiff cannot obtain § 502(a)(2) relief [for breach of ERISA fiduciary duties] on behalf of a defunct plan." 517 F.3d at 827. Therefore, the Court cannot say that this amendment would be futile.

Furthermore, Plaintiff also seeks to amend its fiduciary duty claims to specifically allege that Gallagher "owed Plaintiff OMC fiduciary duties" resulting from "[Gallagher]'s long time relationship with OMC, the trust and confidence placed in [Gallagher], *and [Gallagher]'s voluntary assumption of a role in managing the operations and assets of the Plan*." (Emphasis added). Since Plaintiff has now specifically alleged that Gallagher took an active role in managing the Plan after its implementation, the Court finds that the proposed amendments satisfy Rule 15's liberal amendment policy.

Gallagher contends that allowing Plaintiff to amend its Complaint would prejudice it because "[t]he Court has already dismissed two claims against [Gallagher]... [and therefore] [Gallagher] is relieved from defending these claims." Furthermore, allowing amendment would "delay proceedings." However, the Court finds that these are not compelling reasons to deny Plaintiff leave to amend, especially because this case is still in the initial pleading stage.

Therefore, for the foregoing reasons, the Court denies Plaintiff's Motion for Reconsideration and grants Plaintiff leave to amend its Complaint. Plaintiff shall file an Amended Complaint by July 23, 2018. Defendant's Answer or other response is due per rule. The Court will hold a telephone scheduling conference on August 8, 2018, at 11:00 AM.

**IT IS SO ORDERED.**

                                                        s/ Christopher A. Boyko  
                                                      **CHRISTOPHER A. BOYKO**  
                                                      **United States District Judge**

Dated: July 13, 2018